IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RACHEL T. MARTIN                                                                                    PLAINTIFF

v.                                          CIVIL NO. 20-3039

ANDREW M. SAUL, Commissioner
Social Security Administration                                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rachel T. Martin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability and disability insurance benefits ("DIB") under the provisions of Titles II of the Social Security Act ("Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g)

**I.      Procedural Background:**

Plaintiff protectively filed her disability application for DIB on March 9, 2017, with an alleged onset date of October 1, 2012, due to the following: rheumatoid arthritis; degeneration osteoarthritis; carpal tunnel right hand; anxiety; and high blood pressure.  (Tr. 178-180).  For DIB purposes, Plaintiff maintained insurance status through December 31, 2017.  (Tr. 179).  Plaintiff's application was denied initially and again upon reconsideration. (Tr. 215-217, 224-225).

Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 226, 228-230).  Plaintiff's administrative hearing was held on August 23, 2018, in Harrison, Arkansas.  (Tr. 131-177).  At this hearing, Plaintiff appeared with counsel and testified.  Id.

1

On July 10, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application for DIB. (Tr. 105-123). The ALJ determined Plaintiff had the following severe impairments: rheumatoid arthritis, cervical and lumbar spondylosis, mild degenerative joint disease of the bilateral knees, mild degenerative joint disease of the bilateral hands, mild right carpal tunnel syndrome, asthma, obesity, hypertension, persistent depressive disorder, and generalized anxiety disorder. (Tr. 110, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 111, Finding 4).

In this opinion, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of October 1, 2012, through her date last insured of December 31, 2017. (Tr. 110, Finding 2). The ALJ also determined Plaintiff was forty-eight (48) years old on her date last insured, which is defined as a younger individual under 20 C.F.R. § 404.1563(c) (2008). (Tr. 121). The ALJ noted Plaintiff had at least a high school education and was able to communicate in English. Id.

The ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 112-123). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR [§] 404.1567(b) except that the claimant could occasionally climb ramps and stairs and could never climb ladders, ropes or scaffolds. She could occasionally balance, stoop, kneel, crouch and crawl. She could frequently, but not constantly, handle and finger bilaterally. The claimant had to avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, poor ventilation and hazards. She further retained the capacity to understand, remember and carry out simple instructions; relate appropriately to co-workers, supervisors and the general public; utilize reasonable judgment in work-

like settings; and sustain the level of attention and concentration necessary to complete a routine workday of simple tasks without significant interruptions from psychologically based symptoms. (Tr. 112, Finding 5).

With the assistance of a Vocational Expert ("VE")(Tr. 167-174), the ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined that Plaintiff could perform PRW (light) as a cashier II. (Tr. 121, Finding 6). In the alternative, and after consideration of Plaintiff's age, education, work experience, RFC and the testimony of the VE, the ALJ found there were other light jobs in the national economy that Plaintiff also could perform, to include: (1) retail sales attendant; (2) marking clerk; (3) storage rental clerk; (4) furniture rental clerk; (5) usher; and (6) a photo finishing counter clerk. (Tr. 122, 167-173). With VE assistance, the ALJ further identified sedentary jobs Plaintiff could perform: (1) a document preparer; (2) an addresser; and (3) a callout operator. (Tr. 122, 167-173). Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 1, 2012, through her date last insured, December 31, 2017. (Tr. 122).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On April 16, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). Subsequently, Plaintiff filed this action, (Doc. 2), which is before the undersigned for decision pursuant to consent of the parties. (Doc. 5). Both parties have filed appeal briefs and the case is now ripe for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance of the evidence but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. See Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.32d 853, 858 (8th Cir. 2014). Where there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Id.

A Plaintiff seeking Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. See 42 U.S.C. § 423(d)(1)(A).

The Commissioner's regulations require the ALJ to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 404.1520.  Only if he reaches the final step does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity ("RFC").  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §404.1520(a)(4)(v).

**III.**     **Discussion:**

Plaintiff raises the following issue on appeal: Whether the ALJ erred in his RFC determination.  Specifically, Plaintiff claims the ALJ's determination that Plaintiff retains the RFC to return to her past relevant work was made without the needed input of a consultative physical examination.  (Doc. 13, p. 3).

**A.**     **Relevant Period**

Plaintiff filed an application for DIB and was insured for DIB until December 31, 2017. (Tr. 110, 179, 196).  A claimant must show that she became disabled during the period in which she met the DIB requirements in order to be entitled to benefits.  See Simmons v. Massanari, 264 F.3d 751, 755 (8th Cir. 2001).  To qualify for DIB, the Plaintiff was required to prove that she was disabled prior to the expiration of her insured status.  See Dipple v. Astrue, 601 F.3d 833, 834 (8th Cir. 2010).  Thus, the relevant period is from Plaintiff's alleged onset date, October 1, 2012,

through December 31, 2017, her date last insured.  See id.; see also Aguilar v. Saul, No. 2:19-CV-02044-PKH-MEF, 2020 WL 1302507, at *2 (W.D. Ark. Mar. 3, 2020), report and recommendation adopted, No. 2:19-CV-2044, 2020 WL 1286223 (W.D. Ark. Mar. 18, 2020).

**B.  RFC Determination**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004).  "The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." Davidson v. Astrue, 578 F.3d 838, 844 (8th Cir. 2009); see also Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010). Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). However, there is no requirement that an RFC finding be supported by a specific medical opinion. Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).

In the present case, the ALJ considered and discussed record evidence before, during, and after the relevant period.  (Tr. 113-121).  Additionally, the ALJ considered Plaintiff's testimony, Plaintiff's husbands' testimony, third-party statements submitted by Plaintiff's friends and pastor,

disability reports, medical opinion evidence, objective medical evidence, and Plaintiff's subjective complaints in making his RFC determination. Id. The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence of record. (Tr. 117-121). The ALJ gave substantial weight to the RFC findings of the state agency consultants; however, based on the additional evidence submitted at the hearing level, the ALJ found Plaintiff has additional manipulative, postural, and environmental limitations. (Tr. 120). In so concluding, the ALJ gave the opinion of the psychological consultative examiner, Dr. Charles Nichols, substantial weight. (Tr. 119).

Plaintiff's capacity to perform modified light work is also supported in that Plaintiff's examining physicians did not place functional restrictions on her activities that would preclude her from performing the RFC determined for the period in question. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). Based on the record as a whole, the Court finds substantial evidence to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period; the same evidence supports the ALJ's RFC determination for the relevant period.

**C.     Development of the Record**

Plaintiff asserts the ALJ's determination she retained the RFC to return to her past relevant work was made without the input of a physical consultative examination. (Doc 13., p. 3). Plaintiff further argues that a formal post-hearing examination would have revealed whether Plaintiff retained the RFC to perform light work despite her carpal tunnel syndrome and rheumatoid arthritis. (Doc. 13, p. 3).

In determining whether the ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed

decision. See Haley v. Massanari, 258 F.3d 742, 749-50 (8th Cir. 2001). The ALJ is required to order medical examinations and tests only where the medical records presented to him do not provide sufficient medical evidence to determine whether the claimant is disabled. Johnson v. Astrue, 627 F.3d 316, 320 (8th Cir. 2010). "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995).

While an ALJ may order a physical consultative examination and/or re-contact Plaintiff's physicians, such actions are discretionary; the regulations simply grant the ALJ the authority to employ this tool where existing medical sources do not contain sufficient evidence for the ALJ's determination. Matthews v Bowen, 879 F.2d 422, 424 (8th Cir. 1989). Here, the Court sees no suggestion that the record was lacking or that an additional physical consultative examination was needed to provide an adequate record for the ALJ's determination. The Court notes the ALJ made a thorough analysis of Plaintiff's medical evidence from November 14, 2011 through January 4, 2018, "four days after the claimant's date last insured, December 31, 2017… [at which time] [s]he stated she was doing well." (Tr. 112-116). The ALJ factored in medical evidence following the date last insured to include February 22, 2018 through September 19, 2018. (Tr. 116-117). The record before the ALJ reflected that Plaintiff never followed up with her own physicians to undergo a functional capacity examination near in time to Plaintiff's hearing request in November 2017; the Court further notes that even if Plaintiff had requested a physical consultative examination in connection with her hearing in August 2018, this examination would have taken place many months after her date last insured had expired. (Tr. 131-177). The Court observes that the ALJ's decision contains a reasoned and thorough discussion of the medical opinions related to examinations, nerve testing, imaging as well as Plaintiff's own testimony, all providing substantial

8

evidence for the RFC. Consequently, a physical consultative examination was not necessary and the ALJ did not abuse his discretion in failing to order one.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, finds that the decision should be affirmed. Plaintiff's Complaint will be dismissed with prejudice.

DATED this 14th day of May 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE